

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

December 2, 2019

**BY ECF AND HAND**

The Honorable Nelson S. Roman
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    United States v. Darrell Jones, 19 Cr. 35 (NSR)

Dear Judge Roman:

    The Government respectfully submits this letter in advance of sentencing of defendant Darrell Jones, currently scheduled for December 12, 2019 at 10:00 a.m., and in response to defendant's sentencing memorandum dated November 27, 2019.

    Darrell Jones has spent basically his entire life dealing drugs and committing acts of violence. This is his 18th conviction. This is his 13th conviction connected to narcotics, and his 8th drug felony. This is his fourth conviction for unlawful possession of a weapon. Lengthy prison sentences, 18 to 54 months', or 4 to 8 years', or 5 to 10 years', or 6 years', or 2 years', have done *nothing* to deter Jones from re-offending all the way to the present. Jones stands before this Court a Career Offender, guilty of possessing large quantities of heroin with intent to distribute and possessing a firearm in furtherance of his drug trafficking. Whenever at liberty, Darrell Jones has endangered the public safety of his community in Westchester County. The only appropriate sentence to incapacitate such a blatant recidivist is one within the Guidelines range: 262 to 327 months', as set forth in the United States Probation Office's ("Probation Office") Presentence Investigation Report ("PSR").

**A. Instant Offense Conduct**

    In July and August 2018, the DEA conducted controlled buys of heroin from Jones in Westchester County. (PSR ¶¶ 9–10). In an unrelated incident, officers with the Mount Vernon Police Department approached Jones on the street on November 24, 2018; Jones admitted to carrying a gun. (PSR ¶¶ 11). Based on information adduced during the investigation, DEA agents and Mount Vernon Police Department officers searched Jones' apartment, where they found a gun (the receiver, loaded with ammunition, was separated from the slide) and 300 grams of heroin, as well as narcotics packaging paraphernalia. (PSR ¶¶ 12).

**B. Procedural History**

Jones was originally arrested by the local authorities and imprisoned in Westchester County Jail, which is the arrest described in PSR ¶ 50. He was then charged in a criminal complaint with being a felon-in-possession, taken into federal custody on December 20, 2018, and ordered detained. Dkt. No. 1. On January 16, 2019, a grand jury returned an indictment charging Jones with two counts of being a felon-in-possession of a firearm, three counts of narcotics possession with the intent to distribute, and one count of possession of a firearm in furtherance of narcotics trafficking, and the case was assigned to Your Honor. Dkt. No. 4. Some time in February 2019, the Westchester County District Attorney's Office dismissed the state charges against the defendant.[1] On May 9, 2019, Jones waived indictment and pleaded guilty to an Information charging him with possession of more than 100 grams of heroin, in violation of 21 U.S.C. § 841(b)(1)(B), and possession of a firearm in furtherance of narcotics trafficking, in violation of 18 U.S.C. § 924(c). Sentencing is scheduled December 12, 2019 at 10:00 a.m.

**C. Presentence Investigation Report**

The Probation Office has calculated the Sentencing Guidelines as follows, and as consistent with the plea agreement:

- Pursuant to U.S.S.G. § 4B1.1(a), the defendant is a career offender, (PSR ¶ 24), because (a) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (b) the instant offense of conviction is a felony that is a controlled substance offense; and (c) the defendant has at least two prior felony convictions of controlled substance offenses, to wit, convictions:
    - (i) on or about January 25, 2016 in Westchester County Court of Criminal Possession of a Controlled Substance in the Third Degree, in violation of New York Penal Law 220.16, subsection 1; and
    - (ii) on or about August 13, 2008, in Westchester County Court of Criminal Possession of a Controlled Substance in the Third Degree, in violation of New York Penal Law 220.16, subsection 1.
- As a result, because Jones pleaded guilty to violating 18 U.S.C. § 924(c) in Count Two and accepted responsibility pursuant to U.S.S.G. § 3E1.1, the appropriate Sentencing Guidelines range is **262 to 327 months' with a mandatory minimum of 120 months',** U.S.S.G. § 4B1.1(c)(3). (PSR ¶ 116).[2]

---

[1] As the Government informed the Court in February 2019, because of a bureaucratic error in which the federal order of detention was not properly lodged, Jones was released to the community after the state charges were dismissed. The Government obtained an arrest warrant for Jones, informed his counsel, and he ultimately voluntarily surrendered on or about March 6, 2019, after at least two weeks at liberty in Westchester County.

[2] Under Section 4B1.1, the Guidelines range is in fact the greater of: (i) 262 to 327 months', pursuant to 4B1.1(c)(3), and (ii) 248 to 295 months', which is the "guideline range that results by adding the mandatory minimum consecutive penalty required by the 18 U.S.C. § 924(c) [namely, 60 months] . . . count(s) to the minimum and the maximum of the otherwise applicable guideline

Hon. Nelson S. Roman  Page 3
December 2, 2019

The Government and Probation also calculate that Jones has nine criminal history points, and is Criminal History Category VI, based on the following:

1. On or about January 25, 2016, the defendant was convicted in Westchester County Court of Criminal Possession of a Controlled Substance in the Third Degree, in violation of New York Penal Law 220.16, subsection 1, and sentenced to two years' imprisonment. (PSR ¶ 41). Pursuant to U.S.S.G. § 4A1.1(a), this conviction results in three criminal history points. This is a "controlled substance offense" pursuant to U.S.S.G. § 4B1.1.

2. On or about August 13, 2008, the defendant was convicted in Westchester County Court of Criminal Possession of a Controlled Substance in the Third Degree, in violation of New York Penal Law 220.16, subsection 1, and sentenced to six years' imprisonment. (PSR ¶ 40). Pursuant to U.S.S.G. § 4A1.1(a), this conviction results in three criminal history points. This is a "controlled substance offense" pursuant to U.S.S.G. § 4B1.1.

3. On or about March 13, 2008, the defendant was convicted in Mount Vernon City Court of Attempted Criminal Possession of a Controlled Substance in the Seventh Degree, in violation of New York Penal Law 220.03, and sentenced to 90 days' imprisonment. (PSR ¶ 39). Pursuant to U.S.S.G. § 4A1.2(e), this conviction does not result in any criminal history points.

4. On or about April 18, 2007, the defendant was convicted in Mount Vernon City Court of Criminal Possession of a Controlled Substance in the Seventh Degree, in violation of New York Penal Law 220.03, and sentenced to time served (apparently about 4 months'). (PSR ¶ 38). Pursuant to U.S.S.G. § 4A1.2(e), this conviction does not result in any criminal history points.

5. On or about June 10, 2004, the defendant was convicted in Hudson City Court of Criminal Possession of a Weapon in the Fourth Degree, in violation of New York Penal Law 265.01, and sentenced to time served (apparently about one month). (PSR ¶ 37). Pursuant to U.S.S.G. § 4A1.2(e), this conviction does not result in any criminal history points.

6. On or about January 11, 1996, the defendant was convicted in Westchester County Court of Criminal Possession of a Controlled Substance in the Third Degree, in violation of New York Penal Law 220.16, subsection 1, and sentenced to five to ten years' imprisonment. (PSR ¶ 36). Pursuant to U.S.S.G. § 4A1.2(e), this conviction does not result in any criminal history points.

---

range determined for the count(s) of conviction other than the 18 U.S.C. § 924(c) . . . count(s)," 4B1.1(c)(2)(A), namely, 188 to 235 months'. (PSR ¶ 116).

Hon. Nelson S. Roman                                                                                                                Page 4
December 2, 2019

7. On or about October 24, 1996, the defendant was sentenced in Hampden Superior Court in Massachusetts to 1 year imprisonment for Unlawful Possession of a Firearm or Ammunition without Identification Card and Illegal Possession of a Firearm. (PSR ¶ 34). Pursuant to U.S.S.G. § 4A1.2(e), this conviction does not result in any criminal history points.

8. On or about April 30, 1990, the defendant was convicted in Cortlandt Town Court of Criminal Possession of a Controlled Substance in the Seventh Degree, in violation of New York Penal Law 220.03, and sentenced to time served (apparently about 6 months'). (PSR ¶ 32). Pursuant to U.S.S.G. § 4A1.2(e), this conviction does not result in any criminal history points.

9. On or about March 20, 1990, the defendant was convicted of accessory after the fact for assault with intent to kill in Washington, D.C. Superior Court and sentenced to 18 to 54 months' imprisonment. (PSR ¶ 30). Pursuant to U.S.S.G. § 4A1.2(e), this conviction does not result in any criminal history points.

10. On or about January 16, 1990, the defendant was convicted in Westchester County Court of Criminal Sale of a Controlled Substance in the Fourth Degree, in violation of New York Penal Law 220.34, and sentenced to four to eight years' imprisonment. (PSR ¶ 35). Pursuant to U.S.S.G. § 4A1.2(e), this conviction does not result in any criminal history points.

11. On or about January 16, 1990, the defendant was convicted in Westchester County Court of Criminal Possession of a Controlled Substance in the Fourth Degree, in violation of New York Penal Law 220.09, and sentenced to four to eight years' imprisonment. (PSR ¶ 33). Pursuant to U.S.S.G. § 4A1.2(e), this conviction does not result in any criminal history points.

12. On or about January 16, 1990, the defendant was convicted in Westchester County Court of Criminal Possession of a Controlled Substance in the Fourth Degree, in violation of New York Penal Law 220.09, and sentenced to four to eight years' imprisonment. (PSR ¶ 31). Because of probation and parole violations, the defendant was ultimately released from incarceration last on or about November 10, 2005 for this conviction. Pursuant to U.S.S.G. § 4A1.1(a), this conviction results in three criminal history points.

Jones' rap sheet, which the Government used to draft the plea agreement, shows the following additional convictions (Probation summarizes these as five convictions in the 1980s, which "were drug-related, but also included possession of a weapon and assault," with Jones "sentenced to custodial terms in each . . . the longest of which was a sentence of two to four years' imprisonment for Assault in the 2nd Degree in Bronx County Supreme County in August 1990," PSR ¶ 28).

13. On or about August 6, 1990, the defendant was convicted in Bronx County Supreme Court of Assault in the Second Degree, in violation of New York Penal Law 120.05, and sentenced to two to four years' imprisonment.

14. On or about March 11, 1987, the defendant was convicted in Westchester County Supreme Court of Criminal Possession of a Weapon in the Third Degree, in violation of New York Penal Law 265.02, and sentenced to one year imprisonment.

15. On or about March 11, 1987, the defendant was convicted in Westchester County Supreme Court of Attempted Criminal Possession of a Controlled Substance in the Fourth Degree, in violation of New York Penal Law 220.09, and sentenced to one year imprisonment.

16. On or about April 8, 1986, the defendant was convicted in Mount Vernon City Court of Criminal Possession of a Controlled Substance in the Seventh Degree, in violation of New York Penal Law 220.03, and sentenced to four months' imprisonment.

17. On or about August 21, 1985, the defendant was convicted in Mount Vernon City Court of Criminal Possession of a Controlled Substance in the Seventh Degree, in violation of New York Penal Law 220.03, and sentenced to 90 days' imprisonment.

The Probation Office has recommended that the Court sentence the defendant to 180 months' imprisonment, based on his difficult childhood and drug addiction. (PSR p. 28–30.)

**D. The Court Should Impose a Significant Sentence Within the Sentencing Guidelines**

Darrell Jones has spent most of his life in prison rather than at liberty: he is as well-suited as any defendant for the title "Career Offender". Few defendants appear before this Court with 12 prior felony convictions. And as a twelve time prior felon, Jones nonetheless dealt heroin in the summer of 2018, and then in November, carried a gun on the streets of Mount Vernon, while storing another at his apartment to protect a heroin stash worth thousands of dollars. These are not victimless crimes: heroin and guns kill people. The Court can take no assurance that another lengthy sentence will deter Jones: his decades in prison did nothing to stop him in 2018. But a lengthy sentence will at the very least incapacitate him from his continued acts degrading the fabric of his community in Mount Vernon.

As this Court knows well, the nation is in the midst of an opioid crisis. Heroin is an extraordinarily dangerous and destructive drug, and the defendant, by choosing to supply and possess heroin for resale, sought to, and did, profit from destruction in his community. Heroin use causes overdose deaths with tragic frequency—accounting for over 41 deaths a day in the United States alone—and has ballooned into an epidemic. See Center for Disease Control, "Heroin Overdose Data," available at www.cdc.gov/drugoverdose/data/heroin.html. And Jones knows the tragic effects of heroin use as well as anyone: he told Probation he was using huge quantities of the drug for about fifteen years while at liberty before the instant arrest. (PSR ¶ 81). He has been in in-patient and out-patient drug treatment programs from years as well. (PSR ¶¶ 83–86). It is of course difficult to cease using a drug as addictive and deadly as heroin. But Jones is here before

Hon. Nelson S. Roman  Page 6
December 2, 2019

this Court not because he failed to rehabilitate himself from his addiction, but because he profited and attempted to profit by exploiting the addiction of others. And Jones was not simply a street dealer selling small quantities only to other users: the 300 grams of heroin found in his apartment was worth tens of thousands of dollars, and constitutes a quantity that Jones could only effectively distribute by selling to other dealers.

But that was not Jones' only criminal conduct. He possessed two guns in November 2018, one of which he stored at his apartment to protect his drug stash. Jones carried those guns for just one reason: to shoot and kill people who might try to interfere with his valuable drug stash. And the gun in Jones' house was ready to be used: the lower receiver was loaded with 16 rounds of ammunition.

These are incredibly serious crimes, which are inherently dangerous. All of his decades in prison did not stop Jones from exhibiting contempt for the law and returning to criminal activity. The Court's sentence should send the strong message that heroin suppliers who profit off of such poison—and thus place people's lives at risk—will face severe consequences when they are caught. The imposition of any sentence below the Guidelines range would send a message at odds with the pressing need to deter the distribution of highly addictive and potentially lethal substances. Specific deterrence is also essential here. Sanctions as high as 10 years' imprisonment have had absolutely no deterrent effect on Jones whatsoever. In the case of someone as incorrigible as Jones, a longer sentence might achieve long-term specific deterrence, but, at the very least, it would incapacitate Jones. *See, e.g., United States v. Valente*, 915 F.3d 916, 925 (2d Cir. 2019) (Lynch, J., concurring) (noting that the purposes of sentencing in Section 3553(a)(2) include "protecting the public from future crimes the defendant might commit (incapacitation)."). A Guidelines sentence—one that is well over 20 years—would at least incapacitate Jones and protect Westchester County from such a dangerous criminal.[3]

Jones argues for a variant sentence, in fact a deeply variant sentence, namely the mandatory minimum of 10 years. (Jones Sentencing Memorandum). There is no other word for Jones' description of his childhood, with sexual, physical and verbal abuse by and condoned by those

---

[3] Indeed, through its plea agreement, the Government allowed Jones to try to obtain a sentence as low as the mandatory minimum of 10 years. However, as initially charged in the Indictment, Jones was subject to a mandatory minimum of **20 years** (with the same Sentencing Guidelines range of 262 to 327 months'). Specifically, Jones is an Armed Career Criminal with more than three convictions for either "violent felon[ies]" ((1) August 1990 Assault in the 2nd Degree; and (2) March 1990 Accessory After the Fact for Assault with Intent to Kill) or "serious drug offense[s]" ((1) January 2016 Criminal Possession of a Controlled Substance in the Third Degree; (2) August 2008 Criminal Possession of a Controlled Substance in the Third Degree; (3) January 1996 Criminal Possession of a Controlled Substance in the Third Degree; and (4) January 1990 Criminal Sale of a Controlled Substance in the Fourth Degree). Had he been convicted of possession of the two firearms in November 2018, he would have been subject to the 15 year mandatory minimum penalty set forth in 18 U.S.C. § 924(e), then followed by the five year mandatory minimum consecutive penalty in 18 U.S.C. § 924(c). Though the Government agreed to allow Jones to plead to a sentence with a lower mandatory minimum, that agreement does not change the Government's position that a Guidelines sentence is appropriate.

Hon. Nelson S. Roman  Page 7
December 2, 2019

responsible to take care of him other than "tragic." (Jones Sentencing Memorandum at 1, 2, 6–7). The acts these people inflicted upon him were criminal, and the description is deeply upsetting to read. But the brutal crimes that he suffered as a child cannot mitigate his lifetime of drug and violence and weapons crimes, including the most recent drug and firearm crimes. Jones' distribution of poisons to his community inflicted substantial harm on other children, by consigning their parents to addiction.

Jones' other arguments for mitigation ring hollow. Jones has had many chances, many opportunities, to get what he calls "real treatment" for substance abuse. (Jones Sentencing Memorandum at 6). He admits he had months of intensive residential in-patient treatment. (Jones Sentencing Memorandum at 4). But such treatment did not work, and Jones offers no reason to believe that this period of incarceration will be any different and shake him of his addiction.

And the consequences of Jones' recidivism are real. He casts the instant offenses aside as "non-violent," "largely a product of extreme drug addiction." (Jones Sentencing Memorandum at 5). Such a description ignores both the frequently deadly results of opioid use, but most troublingly, Jones' carrying of a firearm on the streets of Mount Vernon, and a loaded gun at his stash house. He may not have used those guns, but he possessed them so that he could use them if needed.

Jones concludes his sentencing letter with exhortations about general deterrence and statistics about sentencing in other cases from this District. Neither dog will hunt. While the "fact that Mr. Jones was arrested, prosecuted, convicted and jailed" might "provide sufficient general deterrence" (Jones Sentencing Memorandum at 8) in the case of other offenders, it clearly will not provide *specific* deterrence: Jones has been arrested, prosecuted, convicted, jailed, well over a dozen times, to no avail. And the same conclusion must be drawn from his comparison to other cases in this District: while "district norms" may lead to certain average penalties for firearms or narcotics offenses, (Jones Sentencing Memorandum at 8), few defendants appear in this District with Jones' criminal history, his ongoing recidivism, or his complete contempt for the law.

Darrell Jones has lived a life of crime. His drug dealing and his gun possession in 2018 are just a small part of his pattern of endangering his community. This Court can take no assurances that the **18th** time will do the trick and lead Jones to the straight and narrow. Instead, the Court should impose a sentence that reflects the seriousness of the instant offense and his almost unceasing criminal activity since he was a young man. Such a sentence may not fully deter him, but it will, at the least, protect Mount Vernon and Westchester County from Darrell Jones for the period of his incarceration: namely, a sentence within the Sentencing Guidelines of 262 to 327

Hon. Nelson S. Roman  Page 8
December 2, 2019

months' imprisonment.

          Respectfully submitted,

          GEOFFREY S. BERMAN
          United States Attorney


By: /s Samuel L. Raymond
      Samuel L. Raymond
      Assistant United States Attorney
      (212) 637-6519

cc: Benjamin Gold, Esq. (via ECF)